```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

CRAIG MUNGER,

      Plaintiff,

v.                                    Case No.: 8:14-cv-914-T-33MAP

INFINITY INSURANCE CO.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Infinity Insurance Company's Motion to Dismiss (Doc. # 4), filed in state court on April 16, 2014. After the case's removal to federal court, Infinity filed a Supplemental Memorandum of Law in Support of the Motion (Doc. # 10) on April 30, 2014. Plaintiff Craig Munger filed a Response (Doc. # 9) on April 29, 2014. The Court held a hearing on this matter on June 13, 2014, and for the reasons articulated below, the Court denies the Motion.

**I.   Background**

Infinity Insurance Company issued an automobile policy with the policy limit of $100,000 to Munger on August 21, 2012, to continue through to August 21, 2013. (Doc. # 2 at ¶ 7). Within the policy, the Cancellation and Automatic Termination provisions establish the procedures by which the

policy could terminate. (Doc. # 2 Ex. A). The Cancellation provision provides that if Infinity wished to cancel the policy, it would send a cancellation notice by mail at least ten days before the cancellation date. (Id.). The Automatic Termination provision provides that if Infinity wishes to renew the policy after its expiration date, Infinity will send an offer to renew. (Id.) According to this provision, if the insured fails to pay the required renewal premium following the offer to renew, Infinity will interpret that failure to pay as a rejection of the offer to renew and the policy will automatically terminate on its expiration date. (Id.).

Additionally, the policy includes an "Other Termination Provisions" section in which Infinity asserts, "Proof of mailing of any notice shall be sufficient proof of notice." (Id.).

Infinity alleged it mailed a Renewal Notice on July 5, 2013, to Munger offering to renew the policy if Munger sent in the necessary renewal premium before the expiration date of the policy. (Id. Ex. B). On August 7, 2013, Infinity alleges it sent a Nonpayment Notice to Munger, reiterating that his policy coverage would expire unless he paid the renewal premium. (Id. Ex. C). Munger alleges that he did not

receive these notices and, as a result, failed to pay the premium to renew. (Id. at ¶ 15).

On November 23, 2013, Munger was involved in an automobile accident, resulting in a total loss of his vehicle. (Id. at ¶ 12). When Munger submitted a claim to Infinity for coverage under the policy, Infinity denied it on the grounds that the policy had lapsed because of Munger's failure to pay the renewal premium. (Id. at ¶ 13-14).

Munger informed Infinity that he had not received the Renewal or Nonpayment Notices and requested proof of mailing for the notices. (Id. at ¶ 15). In reply, Infinity provided a Certificate of Mailing with Munger's name and address on a list of multiple policyholders and Certificates of Bulk Mailing from the U.S. Postal Service, all dated August 7, 2013. (Id. Ex. D). However, Munger emphasizes that these bulk mailing certificates do not specify that the Nonpayment Notice addressed to him was one of the letters given over to the Post Office. (Id. at ¶ 15).

Under Florida law, an insurer must give notice of cancellation of a policy for nonpayment of premium at least ten days prior to the effective date of cancellation. See Fla. Stat. § 627.728(3)(a). The sufficient forms of proof of notice are certified or registered mailing or United States postal proof of mailing of notice of cancellations, intention

3

not to renew, or of reasons for cancellation when sent to the first-named insured at the address shown in the policy. Fla. Stat. § 627.728(5). Munger alleges that he did not receive such notice from Infinity prior to the expiration date of the policy.

Additionally, under Fla. Stat. § 324.0221(1)(a), an insurance provider is required to report to the Florida Department of Highway Safety and Motor Vehicles ("DMV") the "cancellation or nonrenewal" of a policy within 10 days after each cancellation or nonrenewal. After the November 23, 2013, accident, Munger claims he contacted the DMV and confirmed that, according to their records, the DMV had not received a notice of cancellation from Infinity. (Id. Ex. E).

Munger initiated this action against Infinity for breach of contract on March 31, 2014, in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, alleging that Infinity breached the policy by cancelling it without providing proper notice of cancellation. (Id. at ¶ 24). Infinity removed the case to this Court on April 17, 2014, in accordance with 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a) based on the Court's diversity jurisdiction. (Id. at ¶ 6). Munger is claiming damages of $100,000 to the limits of the policy, which exceeds the $75,000 diversity jurisdictional amount. (Id. at ¶ 2). Munger is a resident and citizen of

4

Hillsborough County, Florida and Infinity is incorporated in Indiana with its principal place of business in Alabama. (Id. ¶ 3-4). Accordingly, the Court determines that the requirements for complete diversity of citizenship have been established.

On April 16, 2013, prior to the removal of the case to this Court, Infinity filed this Motion to Dismiss for failure to state a claim. (Doc. # 4). After the case's removal, Infinity filed a Supplemental Memorandum of Law in support of its Motion. (Doc. # 10). Munger filed his Response on April 29, 2013. (Doc. # 9). The Court held a hearing on this matter on June 13, 2014, and is otherwise fully advised in the premises.

## II.  Rule 12(b)(6)— Failure to State a Claim

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

5

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

This Court's analysis is confined to the four corners of the complaint and the exhibits attached thereto. Under Fed. R. Civ. P. R. 10(c), a party may attach a copy of a written instrument as an exhibit to a pleading and that exhibit is a part of the pleading for all purposes. See Fed. R. Civ. P. 10(c). Specifically, the Court may consider the attachments to the Complaint for the purposes of a Motion to Dismiss. See FSC Franchise Co., LLC v. Express Corporate Apparel, LLC, No. 8:09-cv-454-T-23TGW, 2009 WL 3200656, at *1 n.1 (M.D. Fla. Oct. 2, 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.")).

6

The attachments to the Complaint include: A) the Automobile Insurance Policy between Infinity and Munger; B) the Renewal Notice from Infinity addressed to Munger; C) the Nonpayment Notice from Infinity addressed to Munger; D) an email communication from an insurance broker to Munger's counsel with attached copies of the Nonpayment Notice, Certificate of Mailing from Infinity, and Certificates of Bulk Mailing from the U.S. Postal service; and E) an email communication from Munger's counsel to Infinity stating that the DMV had not been notified of the policy cancellation.

### III. Analysis

In order to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) a breach of the contract's terms by the other party, and (3) damages resulting from the alleged breach. See Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)(citing Knowles v. C.I.T. Corp., 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977)).

### A. Existence of a Contract

In its Motion, Infinity asserts that the first element of the breach of contract claim is not met. Although both Munger and Infinity agree that there was a contract in place for the policy term of August 21, 2012, to August 21, 2013, Infinity emphasizes that there was no contract in existence

7

on November 23, 2013, the date of the automobile accident for which coverage was denied, because Munger failed to pay the renewal premium and the policy lapsed. In fact, Munger does not allege in his Complaint that the policy's coverage was still in place at the time of the accident. Thus, Infinity argues, Munger's reliance on an expired policy, which he fails to allege existed at the time of the accident, for the recovery of damages created during the accident, constitutes a failure to state a claim for breach of contract.

But Munger alleges that the improper termination of the policy did occur during the original policy term when Infinity failed to give notice of the policy's cancellation or the offer to renew, as required by the policy. Thus, Munger alleges that the policy was in existence at the time of the breach of contract –— the failure to give notice of the policy's imminent end –— even if Munger has failed to allege that the policy existed at the time of the accident in November of 2013. By alleging that the policy was in existence at the time of the purported breach, Munger has sufficiently pled the first element of his breach of contract claim.

> B. **Breach of the Contract's Terms**

As to the second element of breach of contract, Infinity contends that it did not breach the terms of the policy.

8

Infinity alleges it gave proper notice of its offer to renew by mailing the Renewal and Nonpayment Notices to Munger. Thus, by the terms of the policy, Infinity properly gave notice of the policy's imminent termination and accepted Munger's failure to renew as a rejection of its offer, allowing the policy to lapse on the specified expiration date.

According to Infinity, because the policy lapsed, Infinity was not bound by Fla. Stat. § 627.728 to provide notice of cancellation. Infinity cites a plethora of cases, including Allstate Indem. Co. v. Mohan, 764 So. 2d 901, 903 (Fla. 5th DCA 2000), which stand for the proposition that the procedures in section § 627.728 are "to be followed when the insurer seeks to cancel an existing policy or gives notice of non-renewal" but "are inapplicable to instances where the insurer offers to renew and the insured does not timely pay the required premium in order to accept the offer." Id.; see also Travelers Indem. Co. of R.I. v. Mirlenbrink, 345 So. 2d 417, 418-19 (Fla. 2d DCA 1977)(finding that the notice requirements of Fla. Stat. § 627.728 did not apply because the policy was not cancelled; "it lapsed for nonpayment of the premium"); Williams v. Sec. Mut. Cas. Co., 377 So. 2d 733, 734 (Fla. 3d DCA 1979)(determining that the insurance policy lapsed automatically when the insured failed to pay the renewal premium on or before the policy's expiration date

9

so no notice of cancellation was required by Fla. Stat. § 627.728). However, during the hearing, Infinity conceded that these cases were decided at the summary judgment stage or pursuant to a bench trial, upon a fully developed record, and are inapposite to the present Motion to Dismiss, which is to be decided in accordance with Rule 12(b)(6), Fed. R. Civ. P.

Furthermore, accepting Munger's factual allegations as true and construing the factual allegations in the light most favorable to Munger as the Court is required to do at this juncture, the Court finds that Munger sufficiently alleges a breach of the policy's terms. In the Complaint, Munger alleges that he never received from Infinity a notice offering renewal and stating the required premium. Additionally, Munger argues that the Certificate of Mailing and the U.S. Postal Service Certificates of Bulk Mailing do not provide sufficient "proof of mailing" as required by the policy to show that an offer of renewal was made. Munger relies upon Boman v. State Farm Mutual Automobile Insurance Co., 505 So. 2d 445, 448-49 (Fla. 1st DCA 1987), which held that insurance companies have an implied duty to give notice of a renewal offer before allowing a policy to lapse. By contending that Infinity failed to send the Renewal and Nonpayment Notices to him before the policy's termination, Munger sufficiently alleged that Infinity breached the insurance contract.

10

**C.   Damages**

Munger alleges that his damages reach the limits of the policy, $100,000, as a result of the November 23, 2013, automobile accident for which Infinity denied the claim. Munger argues that had Infinity not breached the policy by improperly terminating it, Munger would have had insurance coverage at the time of the accident to cover his damages. Therefore, the third element for Munger's breach of contract claim is met.

## IV.   Conclusion

Upon due consideration of the well-pled allegations of Munger's Complaint, taken as true, the Court determines that Munger has alleged sufficient factual allegations to demonstrate that a breach of the policy's terms occurred during the original policy period, resulting in damages. Accordingly, this Court denies Infinity's Motion to Dismiss. However, the Court notes that, during the hearing, Munger indicated –— without conceding the propriety of Infinity's arguments —- that it may be appropriate to amend the Complaint to streamline the allegations. Although the Court denies the Motion to Dismiss, the Court nevertheless authorizes Munger to file an amended complaint pursuant to Rule 15(a)(2), Fed. R. Civ. P., by June 23, 2014, if Munger elects to do so.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Infinity Insurance Company's Motion to Dismiss (Doc # 4) is **DENIED**.

(2) The Court authorizes Munger to file an amended complaint, on or before June 23, 2014, if Munger elects to do so.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of June, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record